# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2019-0020 |
| ) | |
| VICENT MATA ANYELO, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Melissa P. Ortiz, Esq.**
**Alphonso G. Andrews, Jr., Esq.**
St. Croix, U.S.V.I.
   *For the Government*

**Michael A Rogers, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Vicent Mata Anyelo*
**Anthony R Kiture, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Alfer Rodriguez-Boadas*
**Yohana M Manning, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Alexis Fuentes*
**Miguel Oppenheimer, Esq.**
San Juan, PR
   *For Defendant Francisco Rodriguez-Infante*
**Alex Omar Rosa-Ambert, Esq.**
San Juan, PR
   *For Defendant Johan Garcia-Suarez*
**Jason Gonzalez-Delgado, Esq.**
Hato Rey, PR
   *For Defendant Carlos Rodriguez-Garcia*
**Juan F Matos-de Juan, Esq.**
Hato Rey, PR
   *For Defendant Henry Gonzalez-Noriega*
**Eugenio W.A. Geigel Simounet, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Algler Rodriguez-Boadas*
**Jeffrey B. C. Moorhead, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Jhonny Rodriguez-Rodriguez*

**Howard Lee Phillips, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Daniel Jesus Salazar-Gonzalez*
**Edgar L Sanchez-Mercado, Esq.**
San Juan, PR
    *For Defendant Johan Jose Pacheco-Lezama*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Johan Garcia-Suarez's ("Defendant Garcia-Suarez") "Motion to Dismiss Indictment Pursuant to 18 U.S.C. § 3161" ("Motion to Dismiss" or "Motion") (Dkt. No. 154); and the Government's Opposition thereto ("Opposition") (Dkt. No. 188). The Motion to Dismiss, in which Defendant Garcia-Suarez seeks dismissal with prejudice of the Indictment filed against him on Speedy Trial Act grounds, was joined by: Defendant Carlos Rodriguez-Garcia (Dkt. No. 158); Defendant Francisco Rodriguez-Infante (Dkt. No. 159); Defendant Alfer Rodriguez-Boadas (Dkt. No. 163); Defendant Vicent Mata Anyelo (Dkt. No. 172); and Defendant Jhonny Rodriguez-Rodriguez (Dkt. No. 174) (collectively the "Joining Defendants"). For the reasons discussed below, the Court will deny the Motion to Dismiss.

### I.     BACKGROUND

On October 7, 2019, the Government filed a three-count Criminal Complaint ("Complaint") against Defendant Garcia-Suarez and ten codefendants—Vicent Mata Anyelo, Alfer Rodriguez-Boadas, Alexis Fuentes, Francisco Rodriguez-Infante, Carlos Rodriguez-Garcia, Henry Gonzalez-Noriega, Algler Rodriguez-Boadas, Jhonny Rodriguez-Rodriguez, Daniel Jesus Salazar-Gonzalez, and Johan Jose Pacheco-Lezama. (Dkt. No. 1).[1] Count 1 charged

---

[1] According to the "Affidavit in Support of a Criminal Complaint," submitted by Drug Enforcement Administration ("DEA") Special Agent James Conwell, on or about September 25,

Defendants with possession of a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1), 70504(b)(2), and 70506(a). Count 2 charged Defendants with conspiracy to possess a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(l)(C), 70503(a)(l), 70504(b)(2), 70506(a), and 70506(b). Count 3 charged Defendants with destruction and attempt or conspiracy to destroy property subject to forfeiture, in violation of 46 U.S.C. §§ 70502(c)(l)(C), 70503(a)(2), 70504(b)(2), 70506(a), and 70506(b). *Id.*

On the same day that the Complaint was filed, October 7, 2019, Magistrate Judge George W. Cannon, Jr., issued Arrest Warrants for each of the Defendants, see Dkt. Nos. 22; 23; 24; 25; 28; 29; 30; 31; 32; 33; 34, and held an Advice of Rights Hearing. (Dkt. No. 2). At the hearing, the Government made an oral motion for detention as to all Defendants, and the Magistrate Judge set the preliminary and detention hearings for October 10, 2019. *See* Dkt. No. 2.[2] On October 7, 2019, and again on October 8, 2019, Defendant Garcia-Suarez—along with codefendants Francisco Rodriguez-Infante, Carlos Rodriguez-Garcia, Henry Gonzalez-Noriega, and Johan Jose Pacheco-Lezama—filed a "Joint Motion to Continue Preliminary and Detention Hearing Due to a Calendar Conflict," ("Joint Motion to Continue") requesting to reschedule their hearings for October 16, 2019. (Dkt. Nos. 13; 15). On October 8, 2019, the Magistrate Judge granted the Joint Motion to Continue. (Dkt. No. 18).

---

2019, the Coast Guard stopped a Venezuelan vessel off the coast of St. Croix. (Dkt. No. 1-1 at 2-3). The Coast Guard suspected the vessel was transporting contraband, specifically cocaine. *Id.* at 4. The Coast Guard detained the eleven individuals aboard the vessel. *Id.* The eleven individuals (collectively "Defendants") arrived on St. Croix on Friday, October 4, 2019. *Id.*

[2] The Government's written Motion for Detention was filed on October 9, 2019. (Dkt. No. 57).

At the preliminary and detention hearing for Defendant Anyelo on October 10, 2019, the Magistrate Judge granted the Motion for Detention. (Dkt. No. 68). At the detention hearing held on October 16, 2019, Defendant Garcia-Suarez waived his right to a preliminary hearing and the Magistrate Judge found probable cause with respect to Counts 1, 2, and 3 of the Complaint and ordered him detained pending further proceedings. (Dkt. Nos. 86; 94; 102). On the same day, the Magistrate Judge also granted the Government's Motion for Detention and found probable cause as to codefendants Rodriguez-Infante, Rodriguez-Garcia, Rodriguez-Rodriguez, Alfer Rodriguez-Boadas, Gonzalez-Noriega, Pacheco-Lezama, and Algler Rodriguez-Boadas. (Dkt. Nos. 92; 93; 95; 96; 97; 98; 99 (Orders of Detention)); (Dkt. Nos. 100; 101; 103; 104; 105; 106; 107 (Orders Finding Probable Cause)). On October 17, 2019, the Magistrate Judge granted the Motion for Detention as to Defendant Fuentes. (Dkt. No. 110). On October 21, 2019, the Magistrate Judge granted the final Motion for Detention as to Defendant Salazar-Gonzalez. (Dkt. No. 116).

On November 7, 2019, Defendant Garcia-Suarez—along with codefendants Rodriguez-Infante, Rodriguez-Garcia, Gonzalez-Noriega, and Pacheco-Lezama—filed a "Joint Motion Requesting Permission to Travel to Miami, Florida For an Evidence Inspection" ("Joint Motion to Travel") (Dkt. No. 122). On November 8, 2019, Defendant Rodriguez-Rodriguez also filed a "Motion to Travel for Inspection" and Defendant Algler Rodriguez-Boadas filed a "Motion for Joinder" to Defendant Rodriguez-Rodriguez's Motion to Travel for Inspection. (Dkt. Nos. 123; 126). On November 8, 2019, the Magistrate Judge ordered a hearing to be held on November 12, 2019 to address the Motions to Travel. (Dkt. No. 124). On November 12, 2019, the Magistrate Judge held a partial hearing on the Motions to Travel, ordered the hearing to resume on November 15, 2019, and granted the Motion for Joinder. (Dkt. Nos. 138; 139). Upon the

4

resumption of the hearing on November 15, 2019, the Magistrate Judge issued an Order granting the Motions to Travel. (Dkt. No. 149).

On November 19, 2019, the Government filed an Indictment against Defendants. (Dkt. No. 150). Count 1 charged Defendants with conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(l)(C), 70503(a)(l), and 70506(a), (b). Count 2 charged Defendants with possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1), 70504(b)(2), 70506(a), and 18 U.S.C. § 2. Count 3 charged only Defendant Anyelo with failure to heave, in violation of 18 U.S.C. §§ 2237(a)(1) and (b)(1) and 46 U.S.C. § 70504(b)(2). *Id.* On November 25, 2019, the Magistrate Judge set the arraignment for December 4, 2019. (Dkt. No. 151).

On December 1, 2019, Defendant Garcia-Suarez filed the instant Motion to Dismiss. (Dkt. No. 154). In his Motion, Defendant Garcia-Suarez argues that his Sixth Amendment right to a speedy trial has been violated because the thirty-day statutory period after arrest for the filing of an indictment established by the Speedy Trial Act, 18 U.S.C. § 3161(b), expired before November 19, 2019. *Id.* at 6. Defendant Garcia-Suarez advances this argument based on his calculation that the date upon which the Government secured an indictment was "54 days after defendant's arrest, 45 days after their introduction into U.S. territory, and 33 days after probable cause was found against him." *Id.* In asserting his argument, Defendant Garcia-Suarez contends that the prejudice caused by the delay in filing the indictment is significant because he has been under considerable emotional distress on account of being away from his home in Venezuela and without contact with his family. *Id.* at 9-11. He also alleges that there was a substantive defect in

obtaining jurisdiction over the vessel at issue, per international law, which caused prejudice. *Id.* at 11.[3] He contends that, as a result of the alleged violations of the Speedy Trial Act, the Indictment against him should be dismissed with prejudice. *Id.* at 12.

The Government responds that Defendant Garcia-Suarez has erroneously identified the date that the Coast Guard took him into custody—September 26, 2019—as the starting point for the calculation of the Speedy Trial Act's statutory period to file an indictment. (Dkt. No. 188 at 3). The Government argues that "[t]he thirty-day clock did not begin to run until October 7, 2019," the date on which Defendant was "arrested" for Speedy Trial Act purposes—i.e., when there was not only custody, but formal charges filed in connection therewith. *Id.* The Government further argues that Defendant Garcia-Suarez failed to account for the tolling of the speedy trial clock during excludable periods, as established by statute. *Id.* at 3-6. Thus, the Government contends that the thirty-day statutory period did not expire before the Indictment was filed because only nineteen non-excludable days passed between Defendant's arrest and the filing of the Indictment on November 19, 2019. *Id.* at 6. The Government argues in the alternative that, even if the speedy trial clock had run, Defendant Garcia-Suarez would not be entitled to dismissal with prejudice because of the seriousness of the offense and the facts and circumstances of the delay. *Id*. at 10. The Government further contends that Defendant Garcia-Suarez has no standing to raise an issue of international law. *Id.* at 11. And finally, the Government argues that the failure to heave charge, filed only against Defendant Anyelo, should not be dismissed, because it was only asserted in the Indictment and not in the Complaint. *Id.* at 12.

---

[3] Defendants preserve the right to argue this separate jurisdictional issue "if the remedy requested herein is not granted." (Dkt. No. 154 at 11).

## II. DISCUSSION

### A. Applicable Legal Principles

The Speedy Trial Act provides that: "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Certain "periods of delay" are excludable from the calculation of the 30-day speedy trial clock. 18 U.S.C. § 3161(h). The statute provides, in pertinent part:

> **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> …
> **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> …
> **(H)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h). "When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing." *United States v. Rashid*, 593 Fed. App'x 132, 135 (3d Cir. 2014). Additionally, in the context of a multi-defendant case, excludable periods of delay that apply to one defendant are excludable from the calculation of all defendants, unless a severance is granted. 18 U.S.C. § 3161(h)(6); *see also United States v. Claxon*, 766 F.3d 280, 292 (3d Cir. 2014).

"If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed [within the thirty-day period established by the Speedy Trial Act], such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Charges alleged in an indictment but not contained in the original complaint that triggered the thirty-day time period

7

are not subject to dismissal. *See United States v. Oliver*, 238 F.3d 471, 473-74 (3d Cir. 2001) ("[O]ur review of decisions by other courts of appeals reveals a consensus that the Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period. We agree with and adopt the position of these courts of appeals.") (collecting cases). Where more than thirty non-excludable days have passed between the filing of the complaint and the filing of the indictment, the court must consider the following three factors to determine whether to dismiss the case with or without prejudice: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

**B. Analysis**

In his Motion to Dismiss, Defendant Garcia-Suarez contends that 54 days passed between his detention by the Coast Guard on September 26, 2019, and the filing of the Indictment on November 19, 2019, resulting in a violation of the 30-day statutory period established by the Speedy Trial Act. (Dkt. No. 154 at 6-7). Defendant Garcia-Suarez also states that 45 days elapsed between his arrival on St. Croix and the filing of the Indictment, and 33 days passed between his probable cause hearing and the filing of the Indictment. *Id.*

As an initial matter, the Court finds that Defendant Garcia-Suarez erroneously identified three possible times that the speedy trial clock started. The Speedy Trial Act provides that: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was *arrested* … in connection with such charges." 18 U.S.C. § 3161(b) (emphasis added). For purposes of the Speedy Trial Act, the term "arrested" requires the filing of formal federal charges. *See United States v. Dyer*,

8

325 F.3d 464, 470 (3d Cir. 2003); *United States v. Bailey-Snyder*, 923 F.3d 289, 293-94 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 847 (2020). Accordingly, here the clock begins to run as of October 7, 2019 when the Government filed the Complaint and Defendants were arrested in connection with these charges. Although all eleven Defendants were detained by the Coast Guard on or about September 26, 2019, they were arrested for Speedy Trial Act purposes on October 7, 2019. *See* Dkt. Nos. 21; 23; 24; 25; 28; 29; 30; 31; 32; 33; 34. As such, the speedy trial clock did not start until October 7, 2019.

Contrary to Defendant's contention, neither September 26, 2019, the date the Defendants were detained by the Coast Guard nor October 4, 2019, the date the Defendants arrived on St. Croix, serve as the start date for the thirty-day speedy trial clock calculation under 18 U.S.C. § 3161(b). The Third Circuit has declined to extend the Speedy Trial Act to the period of detention prior to formal charges. *See Dyer*, 325 F.3d at 470 ("The Speedy Trial Act's time limit is not triggered because an investigating officer contemplates filing federal criminal charges against a person who is in a type of detention that does not otherwise trigger the Speedy Trial Act's time limit.") (discussing INS detention). In holding that federal prison administrative segregation is not an arrest for purposes of the Speedy Trial Act, the Third Circuit in *United States v. Bailey-Snyder* cited approvingly to cases that require both arrest and a formal charge related to the arrest to start the thirty-day clock. 923 F.3d at 293-94 (collecting cases); s*ee also United States v. Wearing*, 837 F.3d 905, 908 (8th Cir. 2016) ("[The Eighth Circuit] construe[s] the term 'arrest' in § 3161(b) as an arrest where the person is charged with an offense . . . . [Section] 3162(a)(1) does not provide a sanction for delay in indictment unless a complaint has been filed." (citations omitted)); *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994) (distinguishing "arrest" as it is meant in the Speedy Trial Act from a "confinement" where an

9

individual is "held in custody without charges being lodged"); *United States v. Jackson*, 781 F.2d 1114, 1115 (5th Cir. 1986) (per curiam) ("[A]n arrest triggering the statutory time limit occurs only where the person is 'charged with an offense,' and that charge is the reason for the arrest.") (citing *United States v. Solomon*, 679 F.2d 1246, 1251 (8th Cir. 1982)); *United States v. Woolfolk*, 399 F.3d 590, 594 (4th Cir. 2005) ("[T]he Government must charge a defendant by indictment or information within 30 days of his federal arrest upon a federal charge or face the prospect of dismissal.") (citations and quotations omitted); *United States v. Sayers*, 698 F.2d 1128 (11th Cir. 1983) (en banc) ("[Section 3162(a)(1) of the Speedy Trial Act] establishes that Congress intended [section 3161(b)] to apply only if an individual was formally charged with an offense."). Here, this occurred on October 7, 2019.

Defendant Garcia-Suarez also ignores the periods of delay that are excludable from the speedy trial clock calculation. On October 7, 2019, Defendant Garcia-Suarez—along with four of his codefendants—filed a joint motion to continue the preliminary and detention hearings. The Speedy Trial Act establishes that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," is excluded from the speedy trial clock calculation. 18 U.S.C. § 3162(h)(1)(D); *see United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993). As such, the speedy trial clock was tolled as of October 7, 2019. On October 8, 2019, the Magistrate Judge granted the Joint Motion to Continue. (Dkt. No. 18). On October 9, 2019, the Government filed their Motion for Detention for all Defendants. The Magistrate Judge did not resolve the detention motion for Defendant Salazar-Gonzalez until October 21, 2019. Because periods of delay that apply to one defendant are excludable from the calculation of all defendants—unless there is a severance—the speedy trial clock was tolled from Defendants' arrests on October 7 through October 21, 2019. *See* 18 U.S.C.

§ 3161(h)(6). Accordingly, the first non-excludable day counted by the speedy trial clock was October 22, 2019.

The Court further notes that Defendant Garcia-Suarez—along with four of his codefendants—filed a Joint Motion to Travel on November 7, 2019. (Dkt. No. 122). Between October 22, 2019 and November 6, 2019, sixteen non-excludable speedy trial days are counted. The Magistrate granted the Motion to Travel to Miami, Florida as to all Defendants at a motion hearing on November 15, 2019. (Dkt. No. 149). The clock began to run again on November 16, 2019. The Government filed the Indictment on November 19, 2019. Between November 16, 2019 and November 19, 2019, three non-excludable days are counted. Thus, in total, nineteen non-excludable days are counted, well within the thirty days required to avoid a Speedy Trial Act violation.

Thus, the Court finds that Defendant Garcia-Suarez has failed to demonstrate that a Speedy Trial Act violation occurred. Accounting for the excludable days that tolled the speedy trial clock, the Government filed the Indictment within thirty days from the arrest of the eleven Defendants. Accordingly, the Court will deny Defendant Garcia-Suarez and the Joining Defendants' Motion to Dismiss the Indictment on Speedy Trial Act grounds.[4]

---

[4] The title of Defendant's Motion to Dismiss references only the Speedy Trial Act as the basis for the Motion. (Dkt. No. 154 at 1). Further, the relief requested is premised on an alleged violation of the Speedy Trial Act, *id.* at 12, and there are several references in the Motion to Dismiss which suggest that Defendant's arguments are grounded in the requirements of the statutory Speedy Trial Act. *See, e.g., id.* at 2, 5, 7. Accordingly, the Court understands Defendant's Motion to Dismiss to contemplate a statutory Speedy Trial Act claim. However, at times Defendant cites to seminal Sixth Amendment cases, *id.* at 4, 9, and appears to conflate the statutory and constitutional speedy trial rights in his argument. *See, e.g., id.* at 2 ("[T]he delay in this case is contrary to statutory constructions, and, consequently, to a constitutional mandate."); *see also id.* at 9. To the extent that Defendant is also seeking to assert a separate Sixth Amendment claim, such an argument would be unavailing because a less than two month delay between Defendant's arrest and the filing of a Motion to Dismiss is insufficient to constitute a Sixth Amendment constitutional violation or to warrant any further review of such a claim.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the Government filed the Indictment within thirty non-excludable days after the arrest of the Defendants and thus did not violate the Speedy Trial Act.[5] Accordingly, the Court will deny Defendant Garcia-Suarez and the Joining Defendants' Motion to Dismiss the Indictment on Speedy Trial Act grounds.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 6, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge

---

*United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (noting that delays of more than a year are generally accepted as long enough to trigger constitutional speedy trial right review); *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (same).

[5] In view of the Court's finding in this regard, the Court need not address the Government's additional arguments.